JOE NATHAN SANDERS v. BENJAMIN J. DAVIS

No. 7410SC1024

(Filed 19 March 1975)

1. Animals § 2— liability for injuries caused by dog

The test of the liability of the owner of a dog for injuries caused by the dog is whether the owner should know from the dog's past conduct that he is likely, if not restrained, to do an act from which a reasonable person, in the position of the owner, could foresee that an injury to the person or property of another would be likely to result.

2. Animals § 2— injuries caused by dog — knowledge dog would rush at persons — summary judgment

In an action to recover damages for personal injuries sustained by plaintiff when he was frightened by a German shepherd dog owned by defendant and fell down the steps leading to defendant's house, there was a genuine issue of material fact as to whether defendant knew or should have known that his dog, when released, would rush at plaintiff with every indication of imminent attack while plaintiff was on the steps leading to defendant's house, and summary judgment was improperly entered for defendant.

APPEAL by plaintiff from *McLelland, Judge.* Judgment entered 27 August 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 18 February 1975.

This is a civil action to recover damages for personal injuries allegedly sustained by the plaintiff, Joe Nathan Sanders, when upon being frightened by a German shepherd dog owned by the defendant, Benjamin J. Davis, he fell down the steps leading to the defendant's front porch.

Plaintiff alleged in his complaint, filed 29 December 1972, that at about 4:15 p.m. on 14 May 1970, at the request of the defendant, he went to the defendant's home located at 2346 Wade Avenue, Raleigh, to discuss a potential investment in a corporation being formed by the defendant. The defendant's house is "situated on a hill approximately 15 feet above the level of Wade Avenue and is approached by an excavated driveway leading from Wade Avenue to a garage and from said garage driveway by two flights of concrete steps approximately three feet in width, adjacent to and on the east side of said driveway, ending at the front porch of said dwelling. . . . " Plaintiff parked his automobile in defendant's driveway; and, as he reached the top of the first flight of steps leading to the front porch, the defendant opened the front door and allowed his German shep-

herd dog to "rush suddenly out of the door . . . toward the plaintiff". The dog, which weighed approximately 100 pounds, "rushed toward the plaintiff, barking loudly and viciously with fangs bared as if to attack . . . " thereby causing the plaintiff to step backwards and fall off the stairs. The defendant knew or should have known that the plaintiff was on the stairs when he opened the front door and knew or should have known that his dog habitually rushed at strangers, giving every evidence of imminent attack.

Plaintiff further alleged that the defendant was negligent in that he maintained narrow steps to his home; maintained a large, vicious German shepherd on his premises without proper restraint; and failed to restrain said dog when the defendant knew the plaintiff was in a position of danger.

Defendant filed answer and denied the material allegations of the complaint.

Defendant filed a motion for summary judgment, which he supported with a deposition of the plaintiff. Plaintiff did not file any affidavits or other evidence in opposition to defendant's motion.

After a hearing, the trial court granted summary judgment for defendant. Plaintiff appealed.

*Purrington, Hatch & Purrington by Edwin B. Hatch for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell by Samuel G. Thompson and Maupin, Taylor & Ellis by Charles B. Neely, Jr., for defendant appellee.*

HEDRICK, Judge.

The sole question for resolution on this appeal is whether the trial court erred in allowing defendant's motion for summary judgment.

"Irrespective of who has the burden of proof at trial upon issues raised by the pleadings, upon a motion for summary judgment the burden is upon the party moving therefor to establish that there is no genuine issue of fact remaining for determination and that he is entitled to judgment as a matter of law." *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 51, 191 S.E. 2d 683, 688 (1972). Therefore, in the case at bar, plaintiff,

the party opposing the motion, did not have the burden of coming forward with evidence in support of his claim until the defendant, the moving party, produced evidence of the necessary certitude which negatived plaintiff's claim in its entirety. *Whitley v. Cubberly,* 24 N.C. App. 204, 210 S.E. 2d 289 (1974) ; *Tolbert v. Tea Co.,* 22 N.C. App. 491, 206 S.E. 2d 816 (1974).

In passing upon a motion for summary judgment, all material filed in support of and in opposition to the motion must be viewed in the light most favorable to the non-moving party and such party is entitled to the benefit of all inferences in his favor that may be reasonably drawn from such material. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972) ; *Whitley v. Cubberly, supra.*

Applying the foregoing principles to the present case, we must determine whether plaintiff's deposition, which was the only evidentiary material offered either in support of or in opposition to the motion, shows that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. The pertinent portions of plaintiff's deposition, considered in the light most favorable to him, tends to show that his sole purpose for visiting the defendant on 14 May 1970 was to discuss the formation of a corporation by the defendant. As the plaintiff got out of his car, he heard a dog barking inside the house. The defendant came to the front door, looked outside, and by the expression on his face apparently recognized the plaintiff. The defendant opened the door and the German shepherd, which was still barking, darted towards the plaintiff. At this point, the plaintiff, who had reached the top of the first flight of stairs to the front porch, stepped backwards and fell down the stairs. Plaintiff had no personal knowledge of the dog's habits and had "not talked to anyone about the dog." He had visited the defendant on one previous occasion "either in the latter part of '69 or the first part of 1970", and at that time, the defendant did not own a German shepherd.

[1] Although it is generally stated that the gravamen of an action to recover for injuries inflicted by a domestic animal is technically not classified as negligence but is the wrongful keeping of an animal with knowledge of its malicious or dangerous propensities, *Swain v. Tillett,* 269 N.C. 46, 152 S.E. 2d 297 (1967), the standard of a reasonable person must still be applied, *Miller v. Snipes,* 12 N.C. 342, 183 S.E. 2d 270 (1971).

Sanders v. Davis

"The test of the liability of the owner of the dog is . . . whether the owner should know from the dog's past conduct that he is likely, if not restrained, to do an act from which a reasonable person, in the position of the owner, could foresee that an injury to the person or property of another would be likely to result. That is, the liability of the owner depends upon his negligence in failing to confine or restrain the dog. The size, nature and habits of the dog, known to the owner, are all circumstances to be taken into account in determining whether the owner was negligent." *Sink v. Moore,* 267 N.C. 344, 350, 148 S.E. 2d 265, 270 (1966).

[2] We are of the opinion that the defendant did not come forward with sufficient evidentiary material to negative plaintiff's claim in its entirety. *Tolbert v. Tea Co., supra.* There is nothing in the plaintiff's deposition to establish that there is no genuine issue of fact as to whether the defendant knew or should have known that his German shepherd, when released, would rush at the plaintiff with every indication of imminent attack while the plaintiff was on the steps to the defendant's house. Although plaintiff's deposition indicates that the *plaintiff* did not know the dog would act the way it did, the record is silent as to the *defendant's* knowledge of his dog's habits. Consequently, we hold that the defendant, the movant for summary judgment, failed to offer evidence of sufficient certitude to establish the absence of a genuine issue as to a material fact, and therefore hold that summary judgment for defendant was inappropriate. This is true even though the plaintiff did not offer any evidence in opposition to the motion.

Reversed.

Judges PARKER and CLARK concur.