CORNELIA P. HICKS v. OLD REPUBLIC LIFE INSURANCE
COMPANY

No. 7610SC113

(Filed 2 June 1976)

Insurance § 67— death from accidental bodily injury — pre-existing heart
    condition — accidental fall — summary judgment
        The trial court properly entered summary judgment for defendant
    insurer in this action to recover under an accident policy where de-
    fendant presented evidence that the cause of the insured's death was
    a myocardial infarction due to coronary arteriosclerosis and plaintiff's
    opposing evidence raised an inference that an accidental fall could
    have contributed to the cause of death, since death caused by a pre-
    existing diseased condition in cooperation with an accident is not an
    accidental bodily injury independent of all other causes within the
    terms of the accident policy in this case.

APPEAL by plaintiff from Smith, Judge. Judgment entered
11 September 1975 in Superior Court, WAKE County. Heard in
the Court of Appeals 13 May 1976.

Plaintiff filed a complaint seeking to recover as beneficiary
under an insurance policy executed by the Old Republic Insur-
ance Company (Insurance Company). The insurance policy pro-
vided that "[i]f the Insured shall lose his life, independently of
all other causes, as a direct result of an accidental bodily injury
occurring while this policy is in force and death shall occur
within one hundred and eighty days of the date of such acci-
dent, the Company will pay the sum specified in the above
Schedule for such loss." The sum specified in the insurance
policy was $10,000. However, plaintiff alleged that in considera-
tion for an increase in the premium paid by the insured, the
defendant issued an endorsement to the above-described policy
increasing the accidental death benefit to $12,000.

Plaintiff further alleged that on 28 February 1973 Roy R.
Hicks lost his life as a direct result of an accidental bodily in-
jury independently of all other causes while the insurance policy
was in full force, and that plaintiff, as beneficiary under the
policy, was entitled to recover the sum of $12,000.

Defendant answered and denied that Roy Hicks died as a direct result of any accident independent of all other causes. Pursuant to Rule 56 of the North Carolina Rules of Civil Procedure defendant moved for summary judgment.

In support of its motion for summary judgment defendant submitted answers by plaintiff to interrogatories, and the deposition of Dr. Laurin J. Kaasa. Dr. Kaasa stated his opinion that Roy Hicks died as a result of a "myocardial infarction which in turn, was due to coronary arteriosclerosis." On cross-examination plaintiff's counsel challenged Dr. Kaasa's theory regarding the cause of death:

"Q. What I'm saying, doctor, and I'm not trying to trap you, but could the shock and trauma of striking the ground from that height and under those conditions, could not that have been sufficient or could it have, that shock and trauma have caused this man's heart to fail or to fibrillate or to stop beating so it would be sufficient to cause death, the shock and trauma of that fall. Could not that have happened?

A. We are talking about a diseased heart to begin with.

Q. I'm talking about this man's —

A. His heart.

Q. This particular man, yes, sir.

A. Certainly direct blows to the heart do cause stimulation to the heart, cause abnormal rhythms. It is possible.

Q. You can't rule it out?

A. I can't rule it out.

Q. All right, sir.

A. I can't rule it out, sir. I might interject, contrarywise, that blows to the heart is the method that doctors use to rescusitate the heart."

Defendant also submitted the affidavit of Dr. W. W. Hedrick, Chief Medical Examiner for Wake County. Dr. Hedrick signed the death certificate for Roy Hicks and three Supplemental Reports of Cause of Death for Roy Hicks dated March 26, 1973, June 7, 1973, and July 26, 1974, all of which were introduced. The Supplemental Report of Cause of Death dated

March 26, 1973 gave the cause of death as "traumatic injuries" as a consequence of a "fall from scaffold." However, in his affidavit Dr. Hedrick stated that the 26 March Supplemental Report "was prepared prior to receipt of the autopsy report . . . and contains erroneous and improper designations and information . . . [and the] Supplemental Report of Cause of Death, dated and signed on June 7, 1973, was prepared and was signed by me to correct the contents of paragraph 18 [regarding cause of death] in the aforesaid Supplemental Report dated March 26, 1973." The 7 June 1973 Supplemental Report listed the cause of death as "myocardial infarction."

In response plaintiff submitted another affidavit of Dr. Hedrick in which he stated that he did not know the cause of decedent's death of his own knowledge, but signed the second and third supplemental certificates on the basis of Dr. Kaasa's autopsy report. Dr. Hedrick stated that given the decedent's condition "the shock and trauma of such a fall could not be ruled out as precipitating a fatal arhythmia of the heart which would have been the immediate cause of death."

The court granted summary judgment for the defendant and plaintiff appealed to this Court.

*C. K. Brown, Jr., and William L. Thompson, for plaintiff appellant.*

*Emanuel and Thompson, by W. Hugh Thompson, for defendant appellee.*

ARNOLD, Judge.

Plaintiff assigns error to the trial court's granting summary judgment for the defendant. Plaintiff argues that summary judgment should not have been granted because there is a genuine issue of fact presented as to the cause of death of Roy Hicks. We disagree.

Upon a motion for summary judgment, the burden is upon the moving party to establish that there is no genuine issue of fact remaining for determination and that the movant is entitled to judgment as a matter of law. *Savings and Loan Assoc. v. Trust Co.*, 282 N.C. 44, 191 S.E. 2d 683 (1972) ; *Sanders v. Davis*, 25 N.C. App. 186, 212 S.E. 2d 554 (1975).

The defendant, as the moving party, supported its motion for summary judgment, as provided by Rule 56, with exhibits

(the death certificate and supplemental death certificates), answers to interrogatories and a deposition. Through its evidentiary material defendant established by expert medical opinion that Roy Hicks died as a result of a myocardial infarction which was due to coronary arteriosclerosis. Death of the insured from myocardial infarction would prohibit the beneficiary from recovering under the accidental insurance policy coverage and entitle defendant to a judgment as a matter of law.

Since defendant's evidentiary matter established that cause of death was due to heart failure the plaintiff had the burden to respond by affidavit or other evidentiary matter to establish that there was a genuine issue for trial with respect to the cause of death, i.e., that the cause of death was not due to heart failure but due to accidental injury independent of all other causes.

Assuming arguendo that plaintiff's evidence in opposition to the motion for summary judgment raises an inference that the accidental fall contributed to the cause of death there is still no genuine issue for trial. Where death is caused by a pre-existing diseased condition in cooperation with an accident it is not an accidental bodily injury independent of all other causes. *Horne v. Insurance Co.*, 265 N.C. 157, 143 S.E. 2d 70 (1965).

Defendant's evidence that cause of death was due to heart failure was not contradicted by plaintiff in response to the motion for summary judgment. The motion was properly granted.

Affirmed.

Judges PARKER and HEDRICK concur.