MARY L. HUNNICUTT, Plaintiff v. LILLIAN LUNDBERG, Defendant

No. 8810SC1012

(Filed 6 June 1989)

### Animals § 2.1— walker tangled in dogs' leashes—injury not foreseeable—owner not liable

The trial court properly entered summary judgment for defendant in an action to recover damages for personal injuries allegedly sustained by plaintiff when she fell as a result of her legs being tangled in the leashes of defendant's two small dogs where defendant had the two ten-pound dogs on individual leashes of average size; the use of leashes and verbal commands had been sufficient in the past to control the dogs; the encounter between plaintiff and defendant lasted only two or three minutes before plaintiff fell; and this was an unavoidable accident which could not have been foreseen or prevented by the exercise of even more reasonable precautions than those already exercised by defendant.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 9 June 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 13 April 1989.

This is a civil action to recover damages for personal injuries allegedly sustained by the plaintiff, Mary Hunnicutt, when she fell as a result of her legs being tangled in the leashes of defendant's two small dogs. Plaintiff was 84 years old at the time of the accident.

Plaintiff and defendant are neighbors who were on friendly terms before plaintiff's accident. On the afternoon of 4 October 1986, plaintiff was walking in her neighborhood. Plaintiff wanted to talk with defendant whom she saw coming out of her house with her dogs, so she walked over to meet defendant in defendant's driveway.

Plaintiff could see that the dogs were barking and jumping. Defendant stated in her deposition that the dogs "were anxious and jumping around. They were anxious to get out. They wanted to walk. They didn't want to stay and talk." The dogs were on separate leashes about five feet long, and weighed about ten pounds each. Defendant tried to quiet the dogs so the two women could talk. In an effort to help, plaintiff took one of the two dog leashes.

The dogs would not quiet down. In a matter of seconds, the leashes tangled around plaintiff's legs, she fell and sustained injuries. Plaintiff stated in her affidavit: "[t]he circumstances changed quickly from what I thought would be an uneventful chat with my neighbor to a dangerous situation."

In response to defendant's motion for summary judgment, Judge Bailey concluded that there was no genuine issue as to any material fact, and that the defendant was entitled to judgment as a matter of law. Plaintiff appeals.

*McNamara, Pipkin & Knott, by Joseph T. Knott, III and Ashmead P. Pipkin, for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by David H. Batten and Kari L. Russwurm, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial court improperly entered summary judgment in favor of defendant. We disagree.

The summary judgment rule provides "an efficient method for determining whether a material issue of fact actually exists. . . . In order to prevail, a movant must establish the absence of any material issue of fact." *Southerland v. Kapp*, 59 N.C. App. 94, 95, 295 S.E. 2d 602 (1982) [citations omitted]. The movant can meet this burden by showing the non-existence of an essential element of the plaintiff's claim. *Id.* These elements comprise a negligence cause of action: duty, breach of that duty, legal cause (comprised of actual and proximate cause) and injury. *Id.; Prosser and Keeton on Torts* § 30 (1984).

The test to determine defendant's liability in this case has been stated:

> The test of the liability of the owner of the dog is . . . whether the owner should know from the dog's past conduct that he is likely, if not restrained, to do an act from which a reasonable person, in the position of the owner, could foresee that an injury to the person or property of another would be likely to result. That is, the liability of the owner depends upon his negligence in failing to confine or restrain the dog. The size, nature and habits of the dog, known to the owner, are all circumstances to be taken into account in determining whether the owner was negligent.

**HUNNICUTT v. LUNDBERG**

[94 N.C. App. 210 (1989)]

*Sink v. Moore*, 267 N.C. 344, 350, 148 S.E. 2d 265, 270 (1966); *see Sanders v. Davis*, 25 N.C. App. 186, 212 S.E. 2d 554 (1975). In reviewing a motion for summary judgment, all material filed in support of and in opposition to the motion must be considered in a light most favorable to the non-movant. *Sanders* at 188, 212 S.E. 2d at 556.

Applying these rules then, it was defendant's duty, based on her prior experience with her dogs, to restrain her dogs in a way that she would expect to be able to control them on her walk in the neighborhood. Defendant had the two ten pound dogs on individual leashes of average size. There was evidence from both parties that the use of leashes and verbal commands had been sufficient in the past to control the dogs. Plaintiff states in her affidavit that "I had seen her control her dogs before when they interrupted our street side conversations with their barking, and I thought she was going to do so agaïn." Looking at the evidence in the light most favorable to the plaintiff, it is clear that defendant was performing her legal duty at the time plaintiff approached her to talk.

We also do not see any suggestion in the evidence that defendant breached this duty during their short encounter. From plaintiff's deposition we learn:

Q. How long would you say you had talked to her or been with her before you fell?

A. Probably a minute or so. It couldn't have been more than two or three minutes at the most.

The encounter was just too short for the defendant to be expected to formulate and enact stricter means of control before plaintiff's fall. Rather, this was "[a]n unavoidable accident . . . which was not intended and which, under all the circumstances, could not have been foreseen or prevented by the exercise of [even more] reasonable precautions" than those already exercised by the defendant. *Prosser and Keeton* § 29 (1984). The order of the trial court is

Affirmed.

Judges GREENE and LEWIS concur.