WILLIAMS v. TYSINGER

[97 N.C. App. 438 (1990)]

*see also State v. Pruitt,* 94 N.C. App. 261, 380 S.E.2d 383 (1989) (and cases cited therein).

No error.

Judges COZORT and LEWIS concur.

――――――――――――

JANICE BILLMAN WILLIAMS v. THOMAS E. (JOCK) TYSINGER AND WIFE, PEGGY J. TYSINGER

No. 8919SC3

(Filed 20 February 1990)

**Animals § 2.2 (NCI3d) — child kicked by horse — no showing of horse's prior viciousness**

In an action to recover for injuries sustained by plaintiff's minor child when he was kicked in the face by a horse owned by defendants, the trial court properly directed verdict for defendants where plaintiff failed to offer any evidence of defendants' prior knowledge of the horse's viciousness or any evidence from which such prior knowledge could be inferred.

**Am Jur 2d, Animals §§ 86, 100.**

Judge PHILLIPS dissenting.

APPEAL by plaintiff from judgment entered 30 August 1988 by *Judge William Z. Wood* in RANDOLPH County Superior Court. Heard in the Court of Appeals 24 August 1989.

*Ottway Burton, P.A., by Ottway Burton, for plaintiff-appellant.*

*Henson Henson Bayliss & Teague, by Jack B. Bayliss, Jr. and Lawrence J. D'Amelio, III, for defendant-appellees.*

PARKER, Judge.

Plaintiff Janice Williams instituted this action seeking medical expenses resulting from personal injuries allegedly sustained by her minor child when he was kicked in the face by a horse owned by defendants Thomas E. and Peggy J. Tysinger. At trial the judge granted defendants' motion for a directed verdict at the close of plaintiff's evidence and entered judgment thereon.

WILLIAMS v. TYSINGER

[97 N.C. App. 438 (1990)]

On appeal, plaintiff argues that the evidence, taken in the light most favorable to her, raises a jury issue as to whether defendants violated a duty to their business invitees by inviting the children to play with the horse without warning of the danger of which they had actual or constructive knowledge. Defendants contend that the directed verdict was proper because plaintiff's evidence failed to establish that defendants had prior knowledge, actual or constructive, that their horse had a dangerous or vicious propensity.

On appellate review of a directed verdict all evidence must be considered in the light most favorable to the nonmovant. *Snider v. Dickens*, 293 N.C. 356, 357, 237 S.E.2d 832, 833 (1977). Reviewing the evidence by this standard, we hold that the trial judge did not err.

Plaintiff's evidence at trial tended to show the following. On 28 May 1983 plaintiff, her husband, and their two sons went to defendants' house to inquire about some lumber which the Williamses had ordered. Mr. Tysinger owned a sawmill located a few miles from defendants' home in Randolph County, North Carolina, and regularly received customers at his home where he also had his office for the lumber business. The children waited in the car while plaintiff and her husband conversed with defendants on the porch of their house. After about ten minutes, plaintiff had the boys get out of the car. Mr. Tysinger suggested that the boys go around to the back of the house to play with the horse and cow pastured there. The horse and cow were kept in a field surrounded by a wooden board fence approximately four feet high. Plaintiff asked whether it was safe for the children to play with the animals since the children had never been around such animals before. Mrs. Tysinger stated that the horse and cow had been raised around her children and that they would not hurt anyone. The children then went to the back yard. One of the boys was eleven; the other was nine. In a few minutes plaintiff heard her older son, Daniel, yell that her younger son, Matthew Jonathan (herein "Jimmy"), had been hurt. She ran around to the pasture and found Jimmy lying on his back in the field.

Daniel testified that Jimmy had been inside the fence petting the horse. As Daniel attempted to climb through the fence into the pasture, the horse became scared and reared up, kicking Jimmy. Jimmy flew through the air and landed on his back. Jimmy was taken by ambulance to Moses Cone Memorial Hospital, kept over-

night for observation of a concussion, and released the next day. Jimmy also sustained permanent dental injury.

In North Carolina the owner is not liable for injury resulting from the behavior of a domestic animal unless the owner had prior knowledge of the animal's dangerousness or unless there is evidence showing that a reasonable person would have had such knowledge. *See Sanders v. Davis*, 25 N.C. App. 186, 189, 212 S.E.2d 554, 556 (1975); *Miller v. Snipes*, 12 N.C. App. 342, 345-46, 183 S.E.2d 270, 272-73, *cert. denied*, 279 N.C. 619, 184 S.E.2d 883 (1971).

The rule governing liability of the owner of an animal that has injured someone has been stated as follows:

The liability of an owner for injuries committed by domestic animals, such as dogs, horses and mules, depends upon two essential facts:

1. The animal inflicting the injury must be dangerous, vicious, mischievous or ferocious, or one termed in the law as possessing a "vicious propensity."

2. The owner must have actual or constructive knowledge of the vicious propensity, character and habits of the animal.

*Rector v. Coal Co.*, 192 N.C. 804, 807, 136 S.E. 113, 115 (1926), *quoted in Griner v. Smith*, 43 N.C. App. 400, 406-07, 259 S.E.2d 383, 388 (1979). Applying this standard in *Swain v. Tillett*, 269 N.C. 46, 152 S.E.2d 297 (1967), our Supreme Court ruled that the gravamen of the action is not negligence, but the wrongful keeping of the animal with knowledge of its viciousness. *Id.* at 51, 152 S.E.2d at 301.

The prior behavior of an animal is admissible to show both the animal's vicious propensities and the owner's actual or constructive knowledge of such propensities, even though the behavior falls short of actual injury. *See Hill v. Moseley*, 220 N.C. 485, 488-89, 17 S.E.2d 676, 678-79 (1941). Additionally, the animal's reputation, while inadmissible to show directly the animal's vicious propensities, is admissible to show the owner's knowledge of the alleged propensity and to corroborate the testimony of those who have sworn to the animal's viciousness. *Id.* at 488, 17 S.E.2d at 678.

In the present case plaintiff failed to offer any evidence of defendants' prior knowledge of the horse's viciousness or any evidence from which such prior knowledge could be inferred. Plain-

tiff did offer evidence showing that the horse charged and struck out with its hooves at both the ambulance crew and Mr. Tysinger while Jimmy's injuries were being treated in the pasture. While this evidence of subsequent vicious behavior by the horse is corroborative of the horse's propensity to engage in the conduct which injured Jimmy, as a subsequent act it was not probative on the issue of defendants' knowledge prior to Jimmy's injury. The only evidence presented by plaintiff relating to defendants' prior knowledge of the horse's nature was Mrs. Tysinger's statement that the horse was raised around her children and grandchildren and that it was safe for plaintiff's children also. This statement tended to show that defendants believed the animal was well-disposed towards children.

Although plaintiff alleges in her complaint that defendants failed to use due care in their control, management and restraint of the horse, the record is devoid of any evidence to support this allegation. The evidence showed that the horse remained at all times in the pasture which was surrounded by a wooden rail fence approximately four feet high. Hence defendants' alleged liability is not premised on their negligent failure to restrain or manage the horse but on their keeping of an animal possessing a "vicious propensity." In this situation, liability, if any, is dependent upon the owner's or keeper's knowledge of the animal's dangerousness. See Swain v. Tillett, 269 N.C. at 51, 152 S.E.2d at 301.

Plaintiff having failed to produce evidence of defendants' knowledge of the horse's vicious propensities or evidence that a reasonable person would have had such knowledge, defendants were entitled to a directed verdict.

No error.

Judge WELLS concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

Plaintiff's action does not fit into the "keeping a dangerous animal" niche that the majority confines it to. The main thrust of the complaint, her evidence, and her argument here is that defendants were negligent in inviting and encouraging inexperi-

enced children to go into the horse lot by themselves and play with the animal. In my view, however tame and mild the animal may have appeared to the defendants, gratuitously encouraging young children unfamiliar with large animals to go in a lot and play with a horse by themselves is evidence of negligence, and the jury should have been permitted to consider it.