The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. The date of the alleged negligent act giving rise to this claim was 17 June 1992.
2. By Order filed 21 July 1995, claims against defendants Eagles, Dupree and Harrell were stricken, leaving defendants Shearin, Bailey and Pace as the named State employees. They were employees of the North Carolina Department of Correction, and were acting at all times within the scope of their employment.
3. Stipulated Documents 1, a medical report concerning plaintiff, is stipulated into evidence.
4. An Order by Judge Fox, marked as Stipulated Document 2, is stipulated into evidence.
5. An Amended Complaint, marked as Stipulated Document 3, is stipulated into evidence.
6. A Complaint, marked as Stipulated Document 4, is stipulated into evidence.
7. Health Care Procedures, marked as Stipulated Documents 5, are stipulated into evidence.
8. Medical records, marked as Stipulated Documents 6, are stipulated into evidence.
9. A Use of Force Report, marked as Stipulated Documents 7, is stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is an inmate who is incarcerated by defendant as a result of a conviction for armed robbery.
2. In June of 1992, plaintiff was incarcerated at Franklin Correctional Center.
3. On 17 June 1992, plaintiff was examined by the orthopedic clinic. The nursing staff at Franklin Correctional Center read the medical records and believed them to require an extra mattress for plaintiff, but not an extra pillow.
4. The correctional staff asked for an extra pillow from inmate-plaintiff, but plaintiff refused to hand it over.
5. Correctional officers then removed the pillow from plaintiff using a minimum of force.
6. Plaintiff received no injury as a result of the act of removing the extra pillow from him by the correctional officers.
7. When the nursing staff was able to confirm the orthopedic clinic's orders, the extra pillow was returned to plaintiff.
8. Plaintiff sustained no injury as a result of not having an extra pillow during the period after the pillow was taken and when the doctor's orders were confirmed.
9. There is insufficient evidence of record from which to determine by its greater weight that plaintiff sustained any injury as a result of the incident of 17 June 1992.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As an essential part of his claim, plaintiff must allege and prove damages. Hunnicut v. Lundberg, 94 N.C. App. 210, 379 S.E.2d 710
(1989).
2. There was no negligence on the part of any named officer, involuntary servant or agent of the State while acting within the scope of his or her office, employment, service, agency or authority which proximately caused plaintiff an injury, and plaintiff is entitled to no damages. G.S. § 143-291 et seq; See,Taylor v. N.C. Department of Correction, 88 N.C. App. 446,363 S.E.2d 868 (1988).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
FOR THE FULL COMMISSION
 S/ _______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/mj 7/8/96