PAULINE T. SLADE, PLAINTIFF v. JAMES A. STADLER, INDIVIDUALLY, AND, JAMES A. STADLER, D/B/A STADLER GREENHOUSES, DEFENDANTS

No. COA01-932

(Filed 18 June 2002)

**Animals— domestic animal—motion for directed verdict— motion for judgment notwithstanding verdict**

The trial court erred in a negligence case arising out of alleged injuries caused by defendants' dog by denying defendants' motions for a directed verdict and judgment notwithstanding the verdict, and by awarding plaintiff $20,000 in damages, because although plaintiff presented evidence that upon entering defendants' greenhouse defendants' dog jumped on her, knocked her down, and then proceeded to lick her face, plaintiff presented no evidence regarding either the dog's breed, its general habits, character or propensities, or any past similar conduct by the dog.

Judge TIMMONS-GOODSON dissenting.

Appeal by defendants from judgment filed 28 February 2001 by Judge Ronald L. Stephens in Alamance County Superior Court. Heard in the Court of Appeals 23 April 2002.

*Hemric, Lambeth, Champion & Moseley, P.A., by W. Phillip Moseley, for plaintiff-appellee.*

*Teague, Rotenstreich & Stanaland, L.L.P., by Stephen G. Teague, for defendant-appellants.*

GREENE, Judge.

James A. Stadler, individually, and James A. Stadler d/b/a Stadler Greenhouses (collectively, Defendants) appeal a judgment filed 28 February 2001 denying Defendants' motions for a directed verdict and judgment notwithstanding the verdict and awarding Pauline T. Slade (Plaintiff) $20,000.00 in damages.

On 8 October 1999, Plaintiff filed a complaint alleging Defendants were negligent in failing to restrain their dog and warn of its dangerous propensities. The complaint sought compensatory and punitive damages for injuries caused by Defendants' dog. Plaintiff stated in her complaint that upon arriving at Defendants' greenhouse to buy flowers, a "large dog" owned by Defendants "jumped onto her," knocked her down, and then "stood over Plaintiff growling at her." The evidence at trial, however, revealed that although the dog jumped on Plaintiff and knocked her down, the dog did not growl, bark, bare its teeth, or try to bite Plaintiff. Instead, it simply licked her face. While the evidence indicated the dog had white and black spots, there was no testimony regarding the dog's breed. Furthermore, the evidence was silent as to the dog's general character, habits or propensities, any prior similar conduct by the dog, the length of time it had been owned by Defendants, or whether Defendants had any reason to know that the dog posed a danger to others.

At the close of Plaintiff's evidence, Defendants moved for a directed verdict. The trial court denied this motion. Defendants presented no evidence and renewed their motion for a directed verdict at the close of all the evidence, which the trial court again denied. The issue of damages was submitted to the jury and Plaintiff was awarded $20,000.00. Defendants moved for a judgment notwithstanding the verdict, and the trial court denied their motion.

---

The dispositive issue is whether Plaintiff's evidence was insufficient as a matter of law to support a verdict in her favor.

In a negligence action against an owner of a domestic animal, the test for liability is whether the owner knew or should have known from the animal's past conduct, including acts evidencing a vicious propensity, or the general propensities exhibited by this type of animal "that [the animal] is likely, if not restrained, to do an act from which a reasonable person, in the position of the owner, could foresee that an injury to the person or property of another would be likely to result." *Hunnicutt v. Lundberg*, 94 N.C. App. 210, 211, 379 S.E.2d

710, 711-12 (1989); *see Hill v. Williams*, 144 N.C. App. 45, 54, 547 S.E.2d 472, 478 (" 'owner of a domestic animal is chargeable with knowledge of the general propensities of certain animals and he must exercise due care to prevent injury from reasonably anticipated conduct' "), *disc. review denied*, 354 N.C. 217, 557 S.E.2d 531 (2001); *Griner v. Smith*, 43 N.C. App. 400, 406-07, 259 S.E.2d 383, 388 (1979) (discussing vicious propensity rule). In other words, the liability of the owner depends upon his negligence in failing to confine or restrain his animal or otherwise warn of its propensities. *See Hunnicutt*, 94 N.C. App. at 211, 379 S.E.2d at 712. The type, "size, nature, and habits of the [animal], known to the owner, are all circumstances to be taken into account in determining whether the owner was negligent." *Id.*

In this case, Plaintiff presented evidence that upon entering Defendants' greenhouse, Defendants' dog jumped on her, knocked her down and then proceeded to lick her face. Plaintiff, however, presented no evidence regarding either the dog's breed, its general habits, character or propensities, or any past similar conduct by the dog. Accordingly, Plaintiff's evidence was insufficient as a matter of law to support a verdict in her favor, *see Hill*, 144 N.C. App. at 54, 547 S.E.2d at 477, and a directed verdict should have been entered for Defendants. Accordingly, the judgment in favor of Plaintiff is vacated and a judgment for Defendants is entered.[1]

Reversed.

Judge HUNTER concurs.

Judge TIMMONS-GOODSON dissents.

TIMMONS-GOODSON, Judge, dissenting.

Because I conclude that there was sufficient evidence in the instant case to support the jury's verdict in favor of plaintiff, I respectfully dissent.

In ruling on a motion for directed verdict under Rule 50 of the North Carolina Rules of Civil Procedure, the trial court must consider

---

1. We note that the dissent's analysis is based on a characterization of Defendants' dog as "an untrained puppy." There is, however, no evidence in the record that the dog was untrained. Furthermore, even if this characterization were substantiated by the evidence, it is of no legal significance.

" 'whether the evidence, when considered in the light most favorable to the plaintiff, was sufficient for submission to the jury.' " *Smith v. Wal-Mart Stores*, 128 N.C. App. 282, 285, 495 S.E.2d 149, 151 (1998) (quoting *Kelly v. Harvester Co.*, 278 N.C. 153, 157, 179 S.E.2d 396, 397 (1971)). The trial court should deny a motion for directed verdict when it finds more than a scintilla of evidence to support plaintiff's *prima facie* case. *See Broyhill v. Coppage*, 79 N.C. App. 221, 226, 339 S.E.2d 32, 36 (1986). "Directed verdict in a negligence case is rarely proper because it is the duty of the jury to apply the test of a person using ordinary care." *Stallings v. Food Lion, Inc.*, 141 N.C. App. 135, 138, 539 S.E.2d 331, 333 (2000). "Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge." *Clark v. Bodycombe*, 289 N.C. 246, 251, 221 S.E.2d 506, 510 (1976).

In order to prevail on a claim of negligence, the plaintiff must establish that the defendant owed him a duty of reasonable care, that the defendant was negligent in this duty, and that such negligence was the proximate cause of the plaintiff's injuries. *See Beaver v. Hancock*, 72 N.C. App. 306, 311, 324 S.E.2d 294, 298 (1985). In general, property owners have "the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." *Nelson v. Freeland*, 349 N.C. 615, 632, 507 S.E.2d 882, 892 (1998). A property owner "is required to exercise reasonable care to provide for the safety of all lawful visitors on his property, the same standard of care formerly required only to invitees. Whether the care provided is reasonable must be judged against the conduct of a reasonably prudent person under the circumstances." *Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 161, 516 S.E.2d 643, 646, *cert. denied*, 351 N.C. 107, 541 S.E.2d 148 (1999). This duty includes the "duty to exercise ordinary care to keep the premises in a reasonably safe condition and to warn the [visitor] of hidden perils or unsafe conditions that can be ascertained by reasonable inspection and supervision." *Byrd v. Arrowood*, 118 N.C. App. 418, 421, 455 S.E.2d 672, 674 (1995); *Goynias v. Spa Health Clubs, Inc.*, 148 N.C. App. 554, 555, 558 S.E.2d 880, 881 (2002). Accordingly, a store owner has a duty of "ordinary care to keep in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision." *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 203, 130 S.E.2d 281, 283 (1963); *Stallings*, 141 N.C. App. at 137, 539 S.E.2d at 333.

SLADE v. STADLER

[150 N.C. App. 677 (2002)]

In the instant case, it is undisputed that plaintiff was a lawful visitor on defendant's premises when she was injured. Thus, defendant owed plaintiff a duty to maintain his premises in a reasonably safe condition, and to warn plaintiff of any hidden or unsafe condition. Whether or not defendant breached this duty by allowing a large, half-grown and untrained dog to roam the premises at will without posting a warning sign to visitors was a question for the jury.

The majority bases its holding on an analysis of the relevant case law concerning the duty of the owner of an animal, concluding that plaintiff failed to present sufficient evidence of the dog's dangerous propensities or past conduct. I disagree. The evidence tended to show that the dog in question, while certainly not vicious, was young and untrained. When plaintiff arrived at defendant's greenhouse, defendant's dog, appropriately named "Frisky," immediately appeared running "full blast" and "jumped right up and knocked [plaintiff] down." While plaintiff lay on the ground, Frisky remained standing on top of plaintiff, licking her face. Plaintiff testified that she was afraid of dogs, and began screaming for assistance when she first saw the animal. As a result of the fall, plaintiff, who was seventy-two years old at the time, suffered considerable injury.

Furthermore, "[t]he owner of a domestic animal is chargeable with knowledge of the general propensities of certain animals and he must exercise due care to prevent injury from reasonably anticipated conduct." *Griner v. Smith*, 43 N.C. App. 400, 407, 259 S.E.2d 383, 388 (1979). In *Williams v. Tysinger*, 328 N.C. 55, 399 S.E.2d 108 (1991), our Supreme Court held that the owners of a horse could be held liable for injuries inflicted by the animal, although the plaintiffs made no showing that the horse was dangerous and presented no evidence of any past conduct by the animal to indicate that it might harm plaintiffs. Nevertheless, the Court held that, "defendants, as the owners of the horse, are 'chargeable with knowledge of the general propensities' of the horse." *Williams*, 328 N.C. at 60, 399 S.E.2d at 111 (quoting *Griner*, 43 N.C. App. at 407, 259 S.E.2d at 388). Such knowledge "include[s] the fact that the horse might kick without warning or might inadvertently step on a person. This is just the nature of the animal, and such behavior does not necessarily indicate that the horse is vicious." *Id.*

In the instant case, the evidence tended to show that defendant's dog, although large, was only half-grown and untrained. Knowledge of the general propensities of an untrained puppy includes the fact

that such animals are easily excitable and unpredictable. Coupled with the fact that the dog was large and unrestrained, defendant could reasonably anticipate that the animal might jump up onto persons without warning, particularly persons unfamiliar to the dog and who are themselves agitated. Because defendant could reasonably anticipate that his dog might act in such a manner, it was therefore a matter for the jury to decide whether defendant failed to exercise due care for plaintiff's safety in allowing such an animal to wander the property without taking appropriate precautions for plaintiff's safety.

In conclusion, I would hold that the trial court properly denied defendant's motion for a directed verdict. Our case law puts the burden on defendant, as owner of the premises and of the dog, to exercise reasonable care towards lawful visitors to the property and to prevent such injury as might be reasonably foreseeable. Plaintiff was a lawful visitor who suffered foreseeable injuries. I would therefore affirm the trial court.