B. E. SELLERS v. HARVEY MORRIS AND IRIS M. MORRIS, TRADING AS MORRIS LIVE STOCK COMPANY.

(Filed 2 May, 1951.)

**Animals § 2—**

In order for the owner or keeper of a mule to be liable for an injury inflicted by the animal it must be alleged and proved that the animal possessed a vicious propensity and that the owner or keeper knew or should have known thereof, and where the complaint contains no such allegations it is demurrable notwithstanding other allegations that the area selected by the keeper for auction of the animal was congested due to overcrowding so that plaintiff could not move out of the way.

APPEAL by defendants from *Bennett, Special Judge,* January Special Term, 1951, MECKLENBURG.    Reversed.

Civil action to recover damages for personal injuries caused by the kick of a mule.

Defendants are engaged in the business of selling livestock both at private sale and public auctions.    On 24 February 1950, they conducted an auction sale at their stables or barns.    The sale was held in the passageway approximately 20 by 20 feet in size.    The auctioneer stood on a boxlike platform, and a small space in front of him was reserved for showing the mule being offered for sale.    Prospective purchasers and spectators crowded into the passageway.    Plaintiff, a prospective purchaser, was

crowded against the wall near where the mules were brought from the enclosure where they were kept until sold.

During the sale a mule was brought out. The man having him in charge could not get the mule up to the auction block because of the crowd and the restricted space. He stopped near where plaintiff was standing waiting to make his bid. The mule "viciously and suddenly" kicked plaintiff on the left leg, inflicting certain personal injuries. Plaintiff sues to recover compensation therefor.

The defendants demurred to the complaint for that it fails to state a cause of action in that it is not alleged (1) that the mule was the property of the defendants, or (2) that the mule was a vicious animal, or (3) that the defendants had any knowledge of the vicious propensities, if any, of the mule. Other alleged defects are enumerated. The demurrer was overruled and defendants appealed.

*Helms & Mulliss and James B. McMillan for defendant appellants.*
*No counsel contra.*

BARNHILL, J. "If an ox gore a man or a woman, that they die: then the ox shall be surely stoned . . . but the owner of the ox shall be quit. But if the ox were wont to push with his horn in time past, and it hath been testified to his owner, and he hath not kept him in, but that he hath killed a man or a woman . . . his owner also shall be put to death." Exodus 21 :28, 29.

The philosophy of liability of an owner for damages inflicted by a domestic animal underlying this law of Moses is so sound and just in principle that it has survived the ages.

To entitle plaintiff to recover for injuries, he must allege and prove (1) that the animal was dangerous, vicious, mischievous, or ferocious, or one termed in law as possessing a vicious propensity; and (2) that the owner or keeper knew or should have known of the animal's vicious propensity, character, and habits. *Plumidies v. Smith,* 222 N.C. 326, 22 S.E. 2d 713, and cases cited; *Hobson v. Holt, ante,* 81. Such allegations are not contained in plaintiff's complaint. For that reason it is fatally defective.

Plaintiff does make allegations respecting the limited area and the congested conditions due to overcrowding, his inability, by reason thereof, to move out of the way, want of notice, and the like. But these allegations are not sufficient to state a cause of action. They are pertinent only as they relate to the one basis of liability, if any,—the injuries inflicted by the mule.

The plaintiff had eyes to see and he was as aware of the conditions about which he complains as anyone else at the sale. Yet he was in the

vanguard of the crowd. *Pridgen v. Kress & Co.,* 213 N.C. 541, 196 S.E. 821; *McComas v. Sanders,* 109 P. 2d 482; *Alexander v. Crotchett,* 124 S.W. 2d 534.

The demurrer was well advised. The judgment overruling the same must be

Reversed.