JUSTIN D. JOSLYN, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, CAROL JOSLYN, PLAINTIFF V. DELMER BLANCHARD AND WIFE, UNA MAY BLANCHARD, WILLIAM LEWIS AND WIFE, BARBARA LEWIS, DEFENDANTS

No. COA01-398

(Filed 2 April 2002)

**1. Appeal and Error— appealability—partial summary judgment—multiple defendants—right to avoid two trials on same issues—substantial right**

Although plaintiff appeals from an interlocutory order granting summary judgment for two of the defendants in a negligence case against multiple defendants arising from a dog biting incident, an appeal of right lies from an interlocutory order affecting a substantial right of the parties, including the right to avoid two trials on the same issues and the right to avoid the possibility of inconsistent verdicts.

**2. Animals— dog biting—summary judgment—landlords—knowledge of vicious propensities of dog—degree of control over property**

The trial court did not err in an action alleging negligence based on a dog biting incident by granting summary judgment in favor of defendant landlords even though plaintiff asserts there exists a genuine issue of material fact as to defendants' knowledge of the vicious propensities of the dog and the degree of control defendants exercised over the property, because: (1) plaintiff failed to produce evidence that defendants managed, controlled,

or cared for the dog that injured plaintiff; and (2) defendants are not strictly liable under N.C.G.S. § 67-4.4 for allegedly owning a dangerous dog since plaintiff has produced no evidence that defendants have any type of possessory property right in the dog that injured plaintiff as required by N.C.G.S. § 67-4.1(a)(3).

Appeal by plaintiff from order entered 17 January 2001 by Judge Russell J. Lanier, Jr., in Craven County Superior Court. Heard in the Court of Appeals 10 January 2002.

*Ayers & Haidt, P.A., by James M. Ayers, II, for plaintiff appellee.*

*Wallace, Morris & Barwick, P.A., by P.C. Barwick, Jr., and Elizabeth A. Heath, for defendant appellants William and Barbara Lewis.*

TIMMONS-GOODSON, Judge.

Plaintiff appeals from the order of the trial court granting summary judgment in favor of defendants William and Barbara Lewis. For the reasons set forth herein, we affirm the judgment of the trial court.

The facts pertinent to the present appeal are as follows: On 8 March 2000, Carol Joslyn filed a complaint in Craven County Superior Court on behalf of her minor son, Justin D. Joslyn ("plaintiff"). The complaint alleged that plaintiff suffered serious injury when he was bitten in the face by a dog belonging to Delmer and Una May Blanchard ("the Blanchards"). According to the complaint, the injury occurred when the seven-year-old plaintiff accompanied his father to the Blanchard residence. Plaintiff entered the back yard of the Blanchard residence through an open gate in the fence surrounding the property. Plaintiff approached the Blanchard's dog, which was chained within the fence, and was bitten.

At the time of the incident, the Blanchards rented their residence from William and Barbara Lewis ("defendants"). The complaint alleged negligence on defendants' part in that they "were aware of the violent nature of Defendant Blanchard's dog and w[ere] very cautious when around the dog[,]" but nevertheless allowed the Blanchards to keep the dog on the property.

Defendants thereafter filed a motion for summary judgment, which was heard by the trial court on 6 November 2000. Finding no

genuine issues as to any material fact, the trial court concluded that defendants were entitled to judgment as a matter of law and therefore granted summary judgment in favor of defendants. From this order, plaintiff appeals.

---

The sole issue on appeal is whether the trial court properly granted summary judgment in favor of defendants. For the reasons stated herein, we conclude that summary judgment was properly granted, and we therefore affirm the trial court.

[1] We note initially that plaintiff's appeal is interlocutory, as it does not dispose of the case, but instead leaves it for further action by the trial court in order to settle and determine the entire controversy. *See Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950); *see also Cook v. Bankers Life and Casualty Co.*, 329 N.C. 488, 490-91, 406 S.E.2d 848, 850 (1991) (noting that the granting of summary judgment in favor of one defendant does not finally determine all of the claims in the case and is thus an interlocutory order). We do not generally review interlocutory appeals. *See Veazey*, 231 N.C. at 362, 57 S.E.2d at 382. Under the provisions of sections 1-277(a) and 7A-27(d) of the North Carolina General Statutes, however, an appeal of right lies from an interlocutory order affecting "a substantial right" of the parties. N.C. Gen. Stat. §§ 1-277(a), 7A-27(d) (1999). In *Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E.2d 593 (1982), our Supreme Court stated that " 'the right to avoid the possibility of two trials on the same issues can be such a substantial right.' " *Id.* at 606, 290 S.E.2d at 595 (quoting *Survey of Developments in North Carolina Law, 1978*, 57 N.C.L. Rev. 827, 907-08 (1979)).

> This general proposition is based on the following rationale: when common fact issues overlap the claim appealed and any remaining claims, delaying the appeal until all claims have been adjudicated creates the possibility the appellant will undergo a second trial of the same fact issues if the appeal is eventually successful. This possibility in turn "creat[es] the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue."

*Davidson v. Knauff Ins. Agency*, 93 N.C. App. 20, 25, 376 S.E.2d 488, 491 (quoting *Green*, 305 N.C. at 608, 290 S.E.2d at 596), *disc. review denied*, 324 N.C. 577, 381 S.E.2d 772 (1989).

In the instant case, we conclude that plaintiff's appeal affects a substantial right because of the possibility of inconsistent verdicts.

Plaintiff's claims arise over possible negligence by the Blanchards and by defendants. In their answer to plaintiff's complaint, defendants have reserved the defense of contributory negligence by plaintiff. It is conceivable that in a proceeding against the Blanchards alone, the jury could find that plaintiff was contributorily negligent. If, in an appeal from that verdict, plaintiff renews his appeal of the dismissal of defendants, and we were to conclude that the dismissal was improperly granted, then a second trial would be required as against defendants. It is possible that at the second trial, a jury could find that plaintiff was not contributorily negligent, thus resulting in inconsistent verdicts on the same factual issue. *See Hoots v. Pryor*, 106 N.C. App. 397, 402, 417 S.E.2d 269, 273 (concluding that an appeal from summary judgment granted in favor of one defendant in a negligence suit involving multiple defendants implicated plaintiff's substantial right to avoid the possibility of two trials on the same issue where contributory negligence on the part of plaintiff was alleged), *disc. review denied*, 332 N.C. 345, 421 S.E.2d 148 (1992).

As we determine that there is a possibility of inconsistent verdicts if the case at bar were to be tried in two separate proceedings, we conclude that plaintiff's appeal of summary judgment in favor of defendants is not premature and should not be dismissed. We therefore address the merits of plaintiff's appeal.

**[2]** Plaintiff argues that the trial court improperly granted summary judgment in favor of defendants. Plaintiff asserts that there exists a genuine issue of material fact as to defendants' knowledge of the vicious propensities of the dog and the degree of control defendants exercised over the property.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999); *Johnson v. Insurance Co.*, 300 N.C. 247, 252, 266 S.E.2d 610, 615 (1980). Where the pleadings and proof disclose that no cause of action exists, summary judgment is properly granted. *See Kessing v. Mortgage Corp.*, 278 N.C. 523, 534-35, 180 S.E.2d 823, 830 (1971).

In order to recover at common law for injuries inflicted by a domestic animal, a plaintiff must show both "(1) that the animal was dangerous, vicious, mischievous, or ferocious, or one termed in law as possessing a vicious propensity; and (2) that the owner or keeper

knew or should have known of the animal's vicious propensity, character, and habits." *Sellers v. Morris*, 233 N.C. 560, 561, 64 S.E.2d 662, 663 (1951). " 'The gravamen of the cause of action in this event is not negligence, but rather the wrongful keeping of the animal with knowledge of its viciousness[.]' " *Swain v. Tillett*, 269 N.C. 46, 51, 152 S.E.2d 297, 301 (1967) (quoting *Barber v. Hochstrasser*, 136 N.J.L. 76, 79, 54 A.2d 458, 460 (1947)). Thus, liability for injuries inflicted by animals does not depend upon the ownership of the animal, " 'but the keeping and harboring of an animal, knowing it to be vicious.' " *Id.* at 52, 152 S.E.2d at 302 (quoting *Hunt v. Hazen*, 197 Ore. 637, 639, 254 P.2d 210, 211 (1953)).

The owner of an animal is the person to whom it belongs. *See id.* at 51, 152 S.E.2d at 302. A keeper is "one who, either with or without the owner's permission, undertakes to manage, control, or care for the animal as owners in general are accustomed to do." *Id.* Nothing else appearing, the keeper of a vicious animal is liable for injuries inflicted by it upon another. *See id.* at 52, 152 S.E.2d at 302.

In *Patterson v. Reid*, 10 N.C. App. 22, 178 S.E.2d 1 (1970), the minor plaintiff filed suit against a landlord and his wife in order to recover for injuries she sustained after being thrown from a horse owned by the defendants' tenant. In her complaint, the plaintiff alleged that "the horse was cared for, stabled and used as a riding horse by the defendants . . . ; that the horse was dangerous and vicious and these traits were known to defendants; that defendants failed to exercise due care by allowing the horse to be wrongfully kept on their premises . . . ; and that plaintiff's injuries were proximately caused by defendants' negligence." *Id.* at 23-24, 178 S.E.2d at 2. The trial court subsequently denied the defendants' motion for summary judgment, and the defendants appealed to this Court.

Reversing the trial court, the *Patterson* Court concluded that the plaintiff had "failed to show that she can offer any competent evidence to prove that the defendants were the 'keepers' of the animal here involved." *Id.* at 29, 178 S.E.2d at 6. Because the defendants did not "manage, control, or care for" the horse, the plaintiff had failed to prove an essential element of her claim. The Court also concluded that the plaintiff had failed to show that the defendants knew or should have known of any vicious propensities of the animal. The Court therefore held that the trial court erred in denying the defendants' motion for summary judgment.

In the case *sub judice*, plaintiff has produced even less evidence than the plaintiff in *Patterson* that defendants managed, controlled or cared for the dog that injured plaintiff. Plaintiff's complaint and supporting affidavits contain no allegations whatsoever to support any connection between defendants and the dog, beyond the fact that they permitted the Blanchards to keep the dog on the property. As such, plaintiff has failed to prove that defendants were the "keepers" of the animal here involved, as defined by our Supreme Court in *Swain. See Swain*, 269 N.C. at 51, 152 S.E.2d at 302.

Plaintiff further argues that defendants are strictly liable under section 67-4.4 of our General Statutes, which provides that "[t]he owner of a dangerous dog shall be strictly liable in civil damages for any injuries or property damage the dog inflicts upon a person, his property, or another animal." N.C. Gen. Stat. § 67-4.4 (1999). Under section 67-4.1, an owner is defined as "any person or legal entity that has a possessory property right in a dog." N.C. Gen. Stat. § 67-4.1(a)(3) (1999). Plaintiff has produced no evidence that defendants have any type of possessory property right in the dog that injured plaintiff. Plaintiff's argument that defendants are strictly liable under the North Carolina General Statutes is therefore without merit.

Plaintiff having failed to show that there is a genuine issue of material fact, we hold that the trial court correctly granted defendants' motion for summary judgment. The order of the trial court is hereby

Affirmed.

Judges MARTIN and BRYANT concur.