SONYA RAY, Plaintiff v. CECELIA WHITLEY YOUNG and RANDALL YOUNG, Defendants

No. COA01-1505

(Filed 3 December 2002)

**Animals— domestic—cat—wrongful keeping of animal with knowledge of viciousness**

The trial court did not err in a wrongful keeping of animal with knowledge of its viciousness case by granting summary judgment in favor of defendants in an action by plaintiff to recover injuries inflicted by defendants' cat, because: (1) plaintiff failed to establish that the cat exhibited vicious propensities in the past or that defendants had any reason to suspect that their cat might attack plaintiff; and (2) plaintiff failed to present any evidence linking the cat's cessation of antidepressant medication or the cat's compulsive disorder with the attack when all of the evidence tended to show that the cat's behavioral disorder caused him to ingest foreign objects and that the medication was aimed at preventing this behavior.

Appeal by plaintiff from order entered 31 August 2001 by Judge Knox V. Jenkins, Jr., in Johnston County Superior Court. Heard in the Court of Appeals 12 September 2002.

*Anderson Korzen & Associates, P.C., by John J. Korzen, and Hardison & Leone, L.L.P., by Elizabeth A. Leone, for plaintiff appellant.*

*Bailey & Dixon, L.L.P., by Patricia P. Kerner, for defendant appellees.*

TIMMONS-GOODSON, Judge.

Sonya Ray ("plaintiff") appeals from an order of the trial court granting summary judgment in favor of plaintiff's sister, Cecelia Whitley Young, and her husband, Randall Young ("defendants"). For the reasons stated herein, we affirm the order of the trial court.

On 15 September 2000, plaintiff filed a complaint in Johnston County Superior Court seeking compensation for injuries inflicted by defendants' cat, "Charlie." The complaint alleged that Charlie exhibited vicious propensities, and that defendants were aware of such propensities. Plaintiff charged defendants with negligence in failing

to take adequate precautions to ensure plaintiff's safety while she was a lawful visitor at defendants' residence. Defendants thereafter filed a motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, which motion came before the trial court on 13 August 2001.

At the summary judgment hearing, the evidence before the trial court tended to show the following: In early December 1998, plaintiff cared for defendants' dog at her home while defendants were out of town. Defendants did not ask plaintiff to take care of Charlie. On the evening of 6 December 1998, plaintiff returned the dog to defendants' residence. After entering the residence, plaintiff noticed Charlie behind her, "hissing with his back hunched up." Charlie then growled and bit plaintiff on the back of her left ankle. When plaintiff reached down to assess the damage to her ankle, the cat bit her left hand. Because the cat would not release plaintiff's hand, plaintiff "knocked [Charlie] up against the wall with [her] hand in his mouth," whereupon Charlie initially released his grip, but immediately bit plaintiff in the hand once more. Plaintiff knocked the cat against the wall twice more, and Charlie ended his attack. As a result of this attack, plaintiff suffered considerable injury to her left hand.

Plaintiff presented further evidence tending to show that Charlie had bitten both defendants on past occasions, as well as a third individual, Mr. J. D. Denson. Plaintiff also testified that Charlie acted aggressively towards defendants' dog and other large dogs. Finally, plaintiff asserted that Charlie suffered from a "compulsive behavioral disorder" for which he had previously been medicated.

Defendants denied plaintiff's characterization of Charlie as a vicious cat, asserting that his attack upon plaintiff was completely unprecedented and therefore unforeseeable. Defendants presented evidence tending to show that, although Charlie occasionally bit or scratched them while playing, he had never exhibited aggressive behavior of the magnitude experienced by plaintiff. Mr. Denson, the individual identified by plaintiff as having been scratched by Charlie on one occasion, submitted an affidavit asserting that the scratch was superficial and occurred in the course of playing with Charlie.

Defendants also submitted testimony by Charlie's treating veterinarian, Dr. Betsy Sigmon. Dr. Sigmon testified that Charlie's medical records revealed no history of aggression. Dr. Sigmon further described Charlie's history of compulsive behavioral disorder, which had caused him to ingest foreign objects on several occasions, requir-

ing surgery. Dr. Sigmon noted that cats with compulsive disorders "just have to have a lot of attention, a lot of activity. Without that, without [having] constantly something to do, very commonly they're seen for obstructions of their intestines from eating stuff they shouldn't." Dr. Sigmon initially prescribed an antidepressant for Charlie's behavior, but later approved of his removal from the medication because a high-fiber diet appeared to effectively control Charlie's symptoms.

After considering all of the evidence and arguments by counsel, the trial court granted summary judgment in favor of defendants and dismissed plaintiff's action with prejudice. From this order, plaintiff appeals.

The sole issue on appeal is whether the trial court erred in granting summary judgment to defendants. Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001); *Joslyn v. Blanchard*, 149 N.C. App. 625, 628, 561 S.E.2d 534, 536 (2002). Summary judgment is properly granted where the pleadings and proof disclose that no cause of action exists. *See Joslyn*, 149 N.C. App. at 628, 561 S.E.2d at 536.

In order to recover at common law for injuries inflicted by a domestic animal, a plaintiff must show "(1) that the animal was dangerous, vicious, mischievous, or ferocious, or one termed in law as possessing a vicious propensity; and (2) that the owner or keeper knew or should have known of the animal's vicious propensity, character, and habits." *Sellers v. Morris*, 233 N.C. 560, 561, 64 S.E.2d 662, 663 (1951). " 'The gravamen of the cause of action in this event is not negligence, but rather the wrongful keeping of the animal with knowledge of its viciousness[.]' " *Swain v. Tillett*, 269 N.C. 46, 51, 152 S.E.2d 297, 301 (1967) (quoting *Barber v. Hochstrasser*, 136 N.J.L. 76, 79, 54 A.2d 458, 460 (1947)).

If the plaintiff establishes that an animal is in fact vicious, the plaintiff must then demonstrate that the owner knew or should have known of the animal's dangerous propensities. *See Sink v. Moore and Hall v. Moore*, 267 N.C. 344, 350, 148 S.E.2d 265, 270 (1966).

The test of the liability of the owner of the [animal] is . . . not the motive of the [animal] but whether the owner should know from

the [animal's] past conduct that he is likely, if not restrained, to do an act from which a reasonable person, in the position of the owner, could foresee that an injury to the person or property of another would be likely to result.

*Id.* In order to determine whether the owner of the animal is negligent, the size, nature, and habits of the animal are taken into account. *See id.*

In the instant case, plaintiff failed to establish that Charlie exhibited vicious propensities in the past, or that defendants had any reason to suspect that their cat might attack plaintiff. Although plaintiff presented some evidence tending to show that Charlie had bitten or scratched people in play, plaintiff offered no evidence of any previous behavior by Charlie that would indicate his propensity to attack plaintiff. Regarding a cat's tendency to scratch or bite while playing, Dr. Sigmon verified the common knowledge that, "Cats have claws. Cats have teeth. [The fact that a cat may scratch or bite during play] is one of the possibilities whenever you have a mammal in your possession."

Moreover, although plaintiff argues that defendants had a duty to inform her that Charlie was no longer taking his antidepressant medication at the time he attacked plaintiff, she failed to present any evidence linking the cessation of the medication, or Charlie's compulsive disorder, with the attack. All of the evidence tended to show that the cat's behavioral disorder caused him to ingest foreign objects, and that the medication was aimed at preventing this behavior. There was no credible evidence to suggest that Charlie's disorder made him aggressive, or that ending the medication would cause Charlie to attack someone. Dr. Sigmon furthermore testified that Charlie's condition was being effectively treated through a high-fiber diet.

Because there were no genuine issues of material fact concerning the cat's vicious propensity and defendants' knowledge thereof, the trial court properly granted summary judgment in favor of defendants. The order of the trial court is hereby

Affirmed.

Judges HUDSON and CAMPBELL concur.