BARBARA THOMAS, Individually and as Guardian Ad Litem for HAILEY THOMAS, a minor child, Plaintiffs v. TIFFANY WEDDLE, Soner Bilgin and Capa Imports, Inc., Defendants

No. COA04-230

(Filed 7 December 2004)

1. **Animals— reasonable foreseeability of vicious propensity—domestic cat—kitten**

The trial court did not err by granting summary judgment in favor of defendants on the claims of negligence per se, negligent keeping of an animal, and negligent failure to supervise a kitten in an action arising out of an incident where a stray kitten that was brought to work by defendant employee attacked plaintiff customers, because: (1) domestic cats are traditionally considered to be generally harmless, and plaintiffs presented no evidence that this particular cat was of a species or breed known to be dangerous; (2) defendants had no advance warning that the cat might attack someone, and without such knowledge, it was not reasonably foreseeable that the kitten would injure plaintiffs; (3) in the absence of reasonable foreseeability, plaintiffs cannot show proximate cause or negligence on the part of defendants; and (4) plaintiffs cite no authority that would support liability of a pet

**THOMAS v. WEDDLE**

[167 N.C. App. 283 (2004)]

owner for injuries inflicted by a previously gentle animal of a breed or species not known to be inherently dangerous by virtue of size, behavior, or temperament.

**2. Premises Liability— failure to warn of hidden danger—reasonable foreseeability**

The trial court did not err by granting summary judgment in favor of defendants on the claims of failing to warn plaintiffs of a hidden danger and premises liability arising out of an incident where a stray kitten that was brought to work by defendant employee attacked plaintiff customers, because plaintiffs presented no evidence that it was reasonably foreseeable that the kitten would attack plaintiffs.

**3. Negligence— negligence per se—failure to get rabies vaccination for kitten**

The trial court did not err by granting summary judgment in favor of defendants on a claim of negligence per se arising out of an incident where a stray kitten that was brought to work by defendant employee attacked plaintiff customers even though plaintiffs contend defendant's failure to get a rabies vaccination for the kitten was a direct and proximate cause of plaintiffs' injuries, because plaintiffs failed to produce evidence in support of its assertion.

**4. Emotional Distress— negligent infliction—sufficiency of evidence**

The trial court did not err by granting summary judgment in favor of defendants on a claim of negligence infliction of emotional distress arising out of an incident where a stray kitten that was brought to work by defendant employee attacked plaintiff customers, because: (1) this claim depends upon evidence that defendants acted negligently; and (2) plaintiffs failed to forecast evidence of negligence.

**5. Negligence— negligent supervision—respondeat superior**

The Court of Appeals' determination that the trial court properly granted summary judgment in favor of defendant employee, arising out of an incident where a stray kitten that was brought to work by defendant employee attacked plaintiff customers, necessarily defeated plaintiffs' derivative claims based on allegations of negligent supervision of the employee and liability based on respondeat superior.

**THOMAS v. WEDDLE**

[167 N.C. App. 283 (2004)]

Appeal by plaintiffs from judgment entered 10 December 2003 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 21 October 2004.

*Womble Carlyle Sandridge & Rice, by Douglas R. Vreeland for plaintiff-appellants.*

*Burton & Sue, L.L.P., by Gary K. Sue and Stephanie W. Anderson for defendant-appellees.*

LEVINSON, Judge.

Plaintiffs (Barbara Thomas and her daughter, Hailey Thomas) appeal from the entry of summary judgment in favor of defendants Tiffany Weddle, Soner Bilgin, and Capa Imports. We affirm.

Defendant Capa Imports is a corporation operating a retail furniture store in High Point, North Carolina. Defendant Soner Bilgin is the CEO of Capa, and also owns the building housing the store. Defendant Weddle is an employee of the store. In February 2002 Weddle was caring for a stray kitten about eight weeks old. She brought the kitten to work with her during the day, and he spent several days at the store without incident. On 12 February 2002 plaintiffs were at the store, viewing furniture on display in the store's downstairs area. When plaintiffs returned to the store's main area, they were distraught and claimed that the kitten had jumped on them and inflicted serious injuries on plaintiff Hailey Thomas. The kitten was later euthanized and it was determined that he did not have rabies.

On 28 March 2003 plaintiffs filed suit and asserted claims for negligence *per se*, negligent keeping of an animal, failure to warn of hidden danger, failure to supervise the kitten, negligent infliction of emotional distress, premises liability, *respondeat superior* liability of Bilgin and Capa, and negligent supervision of Weddle by Bilgin and Capa. Defendants answered, denying all material allegations in the complaint. On 29 October 2003 defendants moved for summary judgment, asserting that "there is no genuine issue as to any material fact with regards to whether the defendants knew or should have known whether or not the animal in question had a vicious propensity." On 9 December 2003 the trial court granted summary judgment in favor of defendants on all counts. From this order, plaintiffs appeal.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2003). "[T]he movant must meet the burden of proving an essential element of plaintiff's claim does not exist, cannot be proven at trial or would be barred by an affirmative defense." *Goodman v. Wenco Foods, Inc.*, 333 N.C. 1, 21, 423 S.E.2d 444, 454 (1992). "In a motion for summary judgment, the evidence presented to the trial court must be admissible at trial, N.C.G.S. § 1A-1, Rule 56(e) (2003), and must be viewed in a light most favorable to the non-moving party." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 467, 597 S.E.2d 674, 692 (2004) (citing *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975)). "On appeal, this Court's task is to determine whether, on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law." *RD&J Props. v. Lauralea-Dilton*, 165 N.C. App. 737, 742, 600 S.E.2d 492, 497 (2004) (citation omitted).

---

**[1]** Plaintiffs' claims for negligence *per se*, negligent keeping of an animal, negligent failure to warn of a hidden danger, negligent failure to supervise the kitten, negligent infliction of emotional distress, and premises liability, are all based upon allegations of negligence. Therefore, we first review applicable common law principles of negligence. "It is well established that . . . the essential elements of negligence [are] duty, breach of duty, proximate cause, and damages." *Camalier v. Jeffries*, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995) (citation omitted). In the instant case, we find the issue of proximate cause to be dispositive:

> Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence **could have reasonably foreseen** that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed. **Foreseeability is thus a requisite of proximate cause**, which is, in turn, a requisite for actionable negligence.

*Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 233, 311 S.E.2d 559, 564 (1984) (citation omitted) (emphasis added). Thus, " 'the test of proximate cause is whether the risk of injury, not necessarily in the precise form in which it actually occurs, is within the rea-

sonable foresight of the defendant.' " *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 479, 562 S.E.2d 887, 896 (2002) (quoting *Williams v. Carolina Power & Light Co.*, 296 N.C. 400, 403, 250 S.E.2d 255, 258 (1979)). Accordingly, summary judgment is upheld when plaintiff fails to produce evidence that injury was reasonably foreseeable by the defendant. *Sink v. Moore and Hall v. Moore*, 267 N.C. 344, 350-51, 148 S.E.2d 265, 270 (1966) (affirming entry of summary judgment where evidence was "not sufficient to support a finding of a 'vicious propensity' on the part of the dog" and thus defendant could not reasonably "foresee that an injury to the person or property of another would be likely to result" from allowing dog to run loose).

In the context of injuries caused by animals, the parameters of reasonable foreseeability will vary according to the breed, species, or known individual temperament of the animal. Knowledge of the dangerous tendencies of certain wild animals is generally imputed to their owners or keepers. "Owners of wild beasts, or beasts that are in their nature vicious, are liable under all or most all circumstances for injuries done by them; and in actions for injuries by such beasts it is not necessary to allege that the owner knew them to be mischievous, for he is presumed to have such knowledge, from which it follows that he is guilty of negligence in permitting the same to be at large." *State v. Smith*, 156 N.C. 628, 632, 72 S.E. 321, 323 (1911). Also, with regards to large domestic animals or certain domestic animals of known danger, the owner or keeper will also be charged with knowledge of the general nature of the species or breed. *See Griner v. Smith*, 43 N.C. App. 400, 407, 259 S.E.2d 383, 388 (1979) ("owner of a domestic animal is chargeable with knowledge of the general propensities of certain animals"). Such rulings are reasonable as, for example, "by virtue of their size alone, horses in their normal activities pose a distinct type of threat to small children . . . distinguishable in kind from the dangers presented by house pets such as dogs and cats." *Schwartz v. Erpf Estate*, 255 A.D.2d 35, 39, 688 N.Y.S.2d 55, 59 (1999). Accordingly, this Court has held that defendants in a negligence action were " 'chargeable with the knowledge of the general propensities' of the Rottweiler animal" where evidence showed the breed to be "very strong, aggressive and temperamental, suspicious of strangers, protective of its space and unpredictable." *Hill v. Williams*, 144 N.C. App. 45, 55, 547 S.E.2d 472, 478 (2001) (quoting *Williams v. Tysinger*, 328 N.C. 55, 60, 399 S.E.2d 108, 111 (1991)). In these cases knowledge of the danger posed by the breed or the species is imputed to the defendant, regardless of the character or temperament of the individual animal.

THOMAS v. WEDDLE

[167 N.C. App. 283 (2004)]

However, with regards to injuries inflicted by normally gentle or tame domestic animals, the law is clear that "the test for liability is whether the owner knew or should have known from the animal's past conduct, including acts evidencing a vicious propensity . . . 'that [the animal] is likely, if not restrained, to do an act from which a reasonable person, in the position of the owner, could foresee that an injury to the person or property of another would be likely to result.' " *Slade v. Stadler*, 150 N.C. App. 677, 678, 564 S.E.2d 298, 299 (2002) (quoting *Hunnicutt v. Lundberg*, 94 N.C. App. 210, 211, 379 S.E.2d 710, 711-12 (1989)), *aff'd*, 356 N.C. 659, 576 S.E.2d 328 (2003).

In the instant case, plaintiffs allege injuries caused by a domestic cat, a species traditionally considered to be generally harmless. "The domestic cat is by nature ordinarily harmless and docile." *Goodwin v. E. B. Nelson Grocery Co.*, 239 Mass. 232, 235, 132 N.E. 51, 53 (1921). Further, plaintiffs presented no evidence that this particular cat was of a species or breed known to be dangerous.

The standard for liability in negligence cases alleging injury from a cat was recently reviewed by this Court in *Ray v. Young*, 154 N.C. App. 492, 572 S.E.2d 216 (2002). In *Ray*, plaintiff alleged he was seriously injured by defendant's cat and sought damages for negligence. This Court affirmed an order granting summary judgment for defendant, holding that to recover for his injuries "plaintiff must show '(1) that the animal was dangerous, vicious, . . . or one termed in law as possessing a vicious propensity; and (2) that the owner or keeper knew or should have known of the animal's vicious propensity, character, and habits.' " *Id.* at 494, 572 S.E.2d at 218 (quoting *Sellers v. Morris*, 233 N.C. 560, 561, 64 S.E.2d 662, 663 (1951)). The Court noted that even "[i]f the plaintiff establishes that an animal is in fact vicious, the plaintiff must then demonstrate that the owner knew or should have known of the animal's dangerous propensities." *Id.* at 494, 572 S.E.2d at 219. Finally, the Court held that:

> The test of the liability of the owner of the [animal] is . . . not the motive of the [animal] but whether the owner should know from the [animal's] past conduct that he is likely, if not restrained, to do an act from which a reasonable person, in the position of the owner, could foresee that an injury to the person or property of another would be likely to result.

*Id.* at 494-95, 572 S.E.2d at 219 (citing *Sink*, 267 N.C. at 350, 148 S.E.2d at 270). We find *Ray* controlling on the issue of foreseeability of

injuries inflicted by a domestic cat, in the absence of evidence that the particular breed or species of cat was inherently dangerous.

Accordingly, the issue of foreseeability must shift focus to the known temperament of this particular kitten. In that regard, it is undisputed that defendants had no advance warning that the cat might attack someone. Indeed, plaintiffs concede that "[i]t is not disputed . . . that the plaintiffs are not aware of evidence tending to show Weddle's knowledge of the vicious propensities of the cat[.]" Without such knowledge, it was not reasonably foreseeable that the kitten would injure plaintiffs. And, in the absence of reasonable foreseeability, plaintiffs cannot show proximate cause or negligence on the part of defendants. Accordingly, we conclude that the trial court properly granted summary judgment for defendants.

Plaintiffs, however, assert that summary judgment was improper as to their claims of "negligent keeping of the cat" and failure to "supervise the cat" and argue that liability does **not** depend on defendants' knowledge of the cat's "vicious propensity." In support of this argument, plaintiffs cite cases wherein injury was inflicted by a species or breed of animal whose known size, temperament, or behavior made injury reasonably foreseeable in certain circumstances. For example, in *Williams v. Tysinger*, 328 N.C. 55, 399 S.E.2d 108 (1991), young children were injured while playing with a horse without any supervision. In *Lloyd v. Bowen*, 170 N.C. 216, 86 S.E. 797 (1915), the plaintiff was injured by a "runaway horse." The plaintiff in *Griner v. Smith*, 43 N.C. App. 400, 259 S.E.2d 383 (1979), sought recovery for the loss of a mare who was injured by another horse while in defendant's care. In each of these cases the defendant was charged with advance knowledge of the dangers presented by the particular breed or species. Finally, in *Sanders v. Davis*, 25 N.C. App. 186, 189, 212 S.E.2d 554, 556 (1975), this Court concluded that there was a "genuine issue of fact as to whether the defendant knew or should have known that his German shepherd . . . would rush at the plaintiff with every indication of imminent attack[.]" Plaintiffs cite no authority that would support liability of a pet owner for injuries inflicted by a previously gentle animal of a breed or species not known to be inherently dangerous by virtue of size, behavior, or temperament. This assignment of error is overruled.

[2] Plaintiffs next argue that summary judgment was improperly granted as to their claims for "failing to warn plaintiffs of a hidden danger and premises liability." We disagree.

THOMAS v. WEDDLE

[167 N.C. App. 283 (2004)]

A premises liability claim requires evidence that a landowner breached his "duty to exercise reasonable care in the maintenance of [his] premises for the protection of lawful visitors." *Nelson v. Freeland,* 349 N.C. 615, 632, 507 S.E.2d 882, 892 (1998). " 'Reasonable care' requires that the landowner not unnecessarily expose a lawful visitor to danger and give warning of hidden hazards of which the landowner has express or implied knowledge." *Bolick v. Bon Worth, Inc.,* 150 N.C. App. 428, 430, 562 S.E.2d 602, 604 (citing *Nelson,* 349 N.C. at 632, 507 S.E.2d at 892), *disc. review denied,* 356 N.C. 297, 570 S.E.2d 498 (2002). This duty includes an obligation to exercise reasonable care with regards to reasonably foreseeable injury by an animal. *Holcomb v. Colonial Assocs., L.L.C.,* 358 N.C. 501, 597 S.E.2d 710 (2004). However, premises liability and failure to warn of hidden dangers are claims based on "a true negligence standard . . . which focuses the jury's attention upon the pertinent issue of whether the landowner acted as a reasonable person would under the circumstances." *Nelson,* 349 N.C. at 632, 507 S.E.2d at 892. In the instant case, plaintiffs presented no evidence that it was reasonably foreseeable that the kitten would attack plaintiffs. Accordingly, summary judgment was properly granted as to these claims. This assignment of error is overruled.

---

**[3]** We next consider plaintiffs' remaining claims. Regarding plaintiffs' claim of negligence *per se,* plaintiffs allege that defendant Weddle's failure to get a rabies vaccination for the cat was a "direct and proximate cause" of plaintiffs' injuries. Plaintiffs produced no evidence in support of this assertion, and we discern none. Accordingly, the trial court properly granted summary judgment on this count.

**[4]** A claim for negligent infliction of emotional distress also depends upon evidence that the defendants acted negligently. *McAllister v. Ha,* 347 N.C. 638, 645, 496 S.E.2d 577, 583 (1998). Thus, this claim fails for the same reasons as plaintiffs' other negligence claims.

**[5]** Finally, our determination that the trial court properly granted summary judgment in favor of defendant Weddle necessarily defeats plaintiffs' derivative claims based on allegations of negligent supervision of Weddle and liability based on *respondeat superior. Denning-Boyles v. WCES, Inc.,* 123 N.C. App. 409, 413, 473 S.E.2d 38, 41 (1996) ("liability of [employee] is essential if [employer] is to be held responsible under a theory of *respondeat superior*").

STILWELL v. GENERAL RY. SERVS., INC.

[167 N.C. App. 291 (2004)]

For the reasons discussed above, we conclude that the trial court did not err by granting summary judgment in favor of defendants. Accordingly, the trial court's order is

Affirmed.

Judges TYSON and BRYANT concur.