DAVIS, Judge.
Clifford Leon Lee, II ("Plaintiff") appeals from the trial court's 14 March 2016 order granting the motion for summary judgment of Keith Collins ("Defendant"). On appeal, Plaintiff argues that (1) the entry of summary judgment was premature; and (2) a genuine issue of material fact existed that required resolution by a jury. After careful review, we affirm.
Factual and Procedural Background
On 29 September 2007, Plaintiff was taking out the trash and standing on the driveway of his residence in Fayetteville, North Carolina, when he heard a dog barking. He immediately recognized the bark as that of a Chihuahua belonging to Defendant, his neighbor. Moments later, he heard a second bark that he did not recognize. He turned around and saw a larger dog-which looked to him like a pit bull[1] -running towards him. Although the larger dog was not owned by Defendant, Defendant had been looking after it for at least six weeks prior to 29 September 2007.
Because Plaintiff was "alarmed and startled," he jumped into the bed of his pickup truck to escape from the dog. In taking this action, he injured his left hand and hyper-extended his knee. Upon realizing that the dogs had run onto Plaintiff's property, Defendant retrieved them and secured them inside his garage. Plaintiff subsequently received medical care for the injuries he sustained as a result of this incident.
On 24 September 2015, Plaintiff filed the present action in Cumberland County Superior Court in which he asserted a claim for negligence against Defendant. Defendant filed an answer and motion to dismiss on 9 October 2015.
Defendant filed a motion for summary judgment on 4 February 2016 pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. In support of his motion, Defendant submitted an affidavit from himself. In response, Plaintiff filed his own affidavit.
A hearing was held before the Honorable Gale M. Adams on 7 March 2016. On 14 March 2016, the trial court entered an order granting Defendant's motion for summary judgment. On 11 April 2016, Plaintiff filed a notice of appeal.
Analysis
"On an appeal from an order granting summary judgment, this Court reviews the trial court's decision de novo ." Premier, Inc. v. Peterson , 232 N.C. App. 601, 605, 755 S.E.2d 56, 59 (2014) (citation omitted). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Id. (citation and quotation marks omitted).
On appeal, Plaintiff argues that (1) the entry of summary judgment was premature because the discovery period had not yet ended; (2) a genuine issue of material fact existed as to whether Defendant was negligent; and (3) the evidence also established Defendant's liability based on theories of strict liability and negligence per se . We address each argument in turn.
I. Timing of Summary Judgment Hearing
Plaintiff first argues that the trial court's consideration of Defendant's summary judgment motion was premature because the discovery period in the case had not yet expired.
Ordinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so.
Case v. Case , 73 N.C. App. 76, 82, 325 S.E.2d 661, 665 (citation and quotation marks omitted), disc. review denied , 313 N.C. 597, 330 S.E.2d 606 (1985).
However, "[t]he trial court is not barred in every case from granting summary judgment before discovery is completed." Id. (citation omitted). This Court has held that
where there is no evidence that plaintiff sought discovery prior to the motions for summary judgment, no record of any objections to hearing the motions for summary judgment, and no action on the part of plaintiff to continue the hearing to allow additional time for pre-trial discovery, there is no error in proceeding with the summary judgment hearing.
Sellers v. Morton , 191 N.C. App. 75, 85, 661 S.E.2d 915, 923 (2008) (citation omitted).
Moreover, Rule 56(f) provides a mechanism for a non-moving party to seek relief from a premature motion for summary judgment. Rule 56(f) states as follows:
(f) When affidavits are unavailable. -Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
N.C. R. Civ. P. 56(f).
In the present case, the parties stipulated to the following in the record on appeal:
3. The parties do hereby agree and stipulate that the discovery obtained in prior Cumberland County civil actions, 10 CVS 8724 and 14 CVS 30, involving the exact same claims and exact same parties as those involved herein, was stipulated to for purposes of the instant action and, pursuant to the parties' agreement, available for use by the parties in the case at bar.
At the 7 March 2016 hearing, Defendant's counsel stated the following to the trial court:
[DEFENDANT'S COUNSEL]: Your Honor, we've undertaken discovery in this case. The only discovery that's been done are written discovery to [Plaintiff] and [Plaintiff's] deposition. No discovery has been directed to the defendant.
....
[DEFENDANT'S COUNSEL]: This case, because it's been filed and refiled several times, as to any issues of discovery, [Plaintiff] and I have-my understanding, had agreed to-that we could use routes so I didn't have to retake his deposition and redo the discovery. We've agreed to be able to use the prior discovery.
I'll just read you two, and I'll be glad to submit these to [t]he Court.
My letter to [Plaintiff] of October 8th: "After you've had an opportunity to review this, please advise as to what, if any, additional discovery you wish to undertake. Please keep us posted as to your medical status." And [Plaintiff] has done that. He's kept us updated with his updated medical bills, but this is involving something else.
In my letter of November 9th, I asked him, "Please note that if you wish to conduct any more discovery regarding the alleged incident, please let me know. If not, I will, in all likelihood, be moving for summary judgment sometime after the new year."
This letter was dated November 9th, so we're coming from where we were coming from, from a long time ago, Judge. We've tried to save time and expense in not reinventing the wheel as it relates to discovery.
So that's the only thing I wanted to point out. I don't think that [Plaintiff]'s medical status changes the facts or the law as it relates to any evidence of vicious propensity or any evidence of what type of dog this was. So our position is the same.
In response, Plaintiff stated the following to the court:
[PLAINTIFF]: Just briefly, Judge. As it relates to the reality of where we are in the case, him asking me whether I want to conduct the discovery did not shorten the period that [t]he Court gives us to complete discovery. So we have from now, three to four months out.
If anything, this motion is premature. But as filed with what's in the records now, it should be denied, because there's a conflict that shows the genuine issue of material fact.
Plaintiff did not dispute the assertions of Defendant's counsel that (1) Plaintiff had not conducted any discovery in the present action; (2) he had been advised that Defendant planned to move for summary judgment; and (3) he had not responded to counsel's inquiry on 9 November 2015 as to whether he wished to conduct any discovery. Nor is there any indication in the record that Plaintiff ever sought relief under Rule 56(f) or asked the trial court to continue the hearing until a later date. Under these circumstances, we cannot say that the trial court erred in proceeding to rule on Defendant's motion. Accordingly, Plaintiff's argument is overruled. See Sellers , 191 N.C. App. at 86, 661 S.E.2d at 923 (affirming trial court's order granting summary judgment where no evidence in record indicated that plaintiff was awaiting discovery responses from defendants at time of summary judgment hearing).
II. Existence of Genuine Issue of Material Fact
Plaintiff next contends that the entry of summary judgment was inappropriate because a genuine issue of material fact existed on the issue of whether Defendant was negligent. We disagree.
In order to recover at common law for injuries inflicted by a domestic animal, a plaintiff must show (1) that the animal was dangerous, vicious, mischievous, or ferocious, or one termed in law as possessing a vicious propensity; and (2) that the owner or keeper knew or should have known of the animal's vicious propensity, character, and habits.
Ray v. Young , 154 N.C. App. 492, 494, 572 S.E.2d 216, 218 (2002) (citation and quotation marks omitted).
In the present case, Plaintiff failed to raise a genuine issue of material fact as to either element. First, while Plaintiff alleged in his complaint that the dog involved in the 29 September 2007 incident had violent tendencies, no evidence was produced by him actually supporting this assertion. Indeed, Plaintiff admitted that he had no knowledge at all concerning the dog prior to the 29 September 2007 incident.[2]
Second, Defendant stated in his affidavit that "[n]either of the dogs in my possession had ever exhibited any viciousness or aggressiveness towards anyone." This testimony was likewise unrebutted by Plaintiff. Accordingly, because Plaintiff has not demonstrated a genuine factual dispute as to either element of his claim, the trial court properly granted summary judgment in favor of Defendant. See Stephens v. Covington , 232 N.C. App. 497, 501, 754 S.E.2d 253, 256 (2014) (affirming grant of summary judgment because "[i]n the light most favorable to plaintiff, the evidence fails to show that defendant knew that [his dog] had dangerous propensities prior to his attack on plaintiff").
III. Negligence Per Se and Strict Liability
Finally, Plaintiff argues on appeal that Defendant should be held liable under theories of strict liability and negligence per se because "[i]t is axiomatic that pit bulls and their derivatives are violent dogs." However, Plaintiff did not raise these theories in the trial court.
It is well established that "issues and theories of a case not raised below will not be considered on appeal," Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjustment , 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001), and that "[t]he law does not permit parties to swap horses between courts in order to get a better mount before an appellate court[,]" Geoscience Grp., Inc. v. Waters Constr. Co., Inc. , 234 N.C. App. 680, 691, 759 S.E.2d 696, 703 (2014) (citation, quotation marks, and brackets omitted).
Thus, Plaintiff has waived his right to argue these theories on appeal. See Hoover v. Hoover , --- N.C. App. ----, ----, 788 S.E.2d 615, 618 (2016) ("We conclude that, by failing to raise this issue at the trial level, plaintiff waived review on appeal.").
Conclusion
For the reasons stated above, we affirm the trial court's 14 March 2016 order.
AFFIRMED.
Report per Rule 30(e).
Judges McGEE and BERGER concur.

Plaintiff refers to the dog at issue in his complaint as a pit bull. However, Defendant's affidavit states that the dog was actually a pit bull/Boxer mix.

Nor has Plaintiff provided any evidence that the dog should be deemed as a matter of law to possess vicious propensities. See Hill v. Williams, 144 N.C. App. 45, 55, 547 S.E.2d 472, 478 (affirming order granting summary judgment for plaintiff where his expert witness testified as to vicious propensity of Rottweiler breed), disc. review denied, 354 N.C. 217, 557 S.E.2d 531 (2001).